Filed 4/12/22  P. v. Piola CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>LEE WARREN PIOLA,<br><br>　　　Defendant and Appellant. | A162316<br><br>(Humboldt County<br>Super. Ct. No. CR093142S) |

Defendant Lee Warren Piola appeals from an order denying his petition pursuant to Penal Code[1] section 1170.91, subdivision (b)(1), which provides for resentencing of military members or veterans suffering from certain mental health and substance abuse problems as a result of military service, if the sentencing court did not consider such problems as factors in mitigation. Defendant argues the trial court erred in summarily denying his petition for recall of sentence without holding a hearing to determine whether he satisfied the criteria in this subdivision for resentencing. We agree, and reverse and remand for further proceedings.

_____

[1] All statutory references are to the Penal Code.

# I.

# BACKGROUND

Defendant fired a semiautomatic weapon repeatedly at his neighbors and their home over the course of an hour, wounding one of the neighbors seriously.[2]

In 2009, defendant pled guilty to two counts of assault with a deadly weapon, a semiautomatic firearm (§ 245, subd. (b)) and admitted allegations he personally used a firearm (former § 12022.5, subd. (a)) and caused great bodily injury (§ 12022.7, subd. (a)).  There was no negotiated term.  The trial court imposed the concurrent midterm sentences of six years on each count, a consecutive upper term of 10 years on the firearm enhancement, and a consecutive term of three years on the great bodily injury enhancement for a total of 19 years.  During the sentencing proceedings, the court mistakenly stated it was legally precluded from considering defendant's mental illness and various other factors in mitigation and aggravation in setting the term. Though the court recognized defendant had emotional problems and was relatively old, "given the magnitude of the violence and infliction of the physical and emotional injuries," the court concluded the sentence was "appropriate."

Defendant appealed, and we affirmed the judgment in August 2011, concluding that even though the trial court had erred in failing to consider several factors in mitigation, among them defendant's mental illness, the error was harmless.  (*Piola I*, *supra*, A127716.)

Several years after the issuance of *Piola I*, on January 1, 2015, section 1170.91 became effective, and in February 2021, defendant filed a

---

[2] We take judicial notice of our prior nonpublished opinion in this case, *People v. Piola* (Aug. 23, 2011, A127716) (*Piola I*).

petition for recall of sentence alleging that because he had served in the United States Air Force from February 1967 to June 20, 1970, he was entitled to a resentencing hearing at which the court would consider his mental illness in determining the appropriate sentence. Attached to the petition was supporting documentation from the Department of Veterans Affairs, indicating defendant was deemed 50 percent disabled due to posttraumatic stress disorder stemming from his service during the Vietnam War.

The court summarily denied the petition without holding a hearing because "the issue of [defendant's] military service as a mitigating factor to be considered at sentencing was foreclosed by the decision [in *Piola I*, *supra*, A127716]."

## II.

## DISCUSSION

Defendant contends he is entitled to a resentencing hearing pursuant to section 1170.91, at which the court shall determine both his eligibility for resentencing based on his service-related mental illness, and whether to exercise its discretion to recall and resentence him. The Attorney General concedes, and we agree, the prior opinion did not foreclose relief, and as such, the court erred in denying defendant's petition without holding a hearing to determine if he was eligible for resentencing.

### A. *Section 1170.91*

"Under section 1170, subdivision (b), '[w]hen a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court.' (§ 1170, subd. (b).) In 2014, the Legislature enacted former section 1170.91 [now identified as § 1170.91, subd. (a)] (Stats. 2014, ch. 163,

3

§ 2), which mandated consideration of trauma resulting from military service as a mitigating factor when a court exercises determinate sentencing triad discretion.  [Citations.]  [¶]  In 2018, the Legislature amended section 1170.91 to add a retroactivity clause and a procedure for resentencing.  (Stats. 2018, ch. 523, § 1; § 1170.91, subd. (b); [*People v. *]*King*[ (2020)] 52 Cal.App.5th [783,] 788; *People v. Bonilla-Bray*[ (2020)] 49 Cal.App.5th [234,] 238.)"  (*People v. Brooks* (2020) 58 Cal.App.5th 1099, 1103–1104.)

Subdivision (b) of section 1170.91 allows a person currently serving a prison sentence for a felony conviction, "whether by trial or plea," to petition for a recall of his or her sentence provided he or she meets the following initial requirements: (1) he or she is or was a member of the United States military, and (2) he or she "may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of [such] military service."  (§ 1170.91, subd. (b)(1).)

A section 1170.91, subdivision (b) petitioner must allege:  "(A) The circumstance of suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance  abuse, or mental health problems as a result of the person's military service was not considered as a factor in mitigation at the time of sentencing. [¶] (B) The person was sentenced prior to January 1, 2015. . . ."  (*Id.*, subd. (b)(1).)  Provided that the petition so alleges, the sentencing judge or in his or her absence an assigned judge of the sentencing court "shall determine, at a public hearing" held upon proper notice, whether the petitioner satisfies the requisite criteria.  (*Id.*, subd. (b)(3).)  If those criteria are met, the petitioner may be resentenced, in the court's discretion, with trauma resulting from military service taken into account as a mitigating factor.  (*Ibid.*)

*B. Analysis*

Section 1170.91 establishes that courts have a mandatory duty to consider service-related mental illness, and when a defendant files a facially valid petition, the court is required to hold a hearing to determine eligibility for resentencing.

Here, defendant filed a facially valid petition, and attached documentation from the Department of Veterans Affairs, and read together, they establish he was convicted in 2009 of use of a firearm under section 12022.5,[3] received a 19-year term in state prison, suffered from mental health issues related to his service in the United States Air Force, and those issues were not considered by the court at the time of sentencing. Moreover, as noted in our prior opinion, "Defendant is correct that the trial court erred in refusing to consider the mitigating factors. . . . The trial court was therefore not precluded from considering defendant's mental illness and other mitigating factors when deciding whether to impose the low term. The Attorney General concedes error." (*Piola I*, *supra*, A127716, fn. omitted.)

While we determined in *Piola I*, *supra*, A127716 that the failure to consider certain mitigating evidence was harmless "[i]n light of the less-than-certain case for mitigation and the trial court's expressed attitude," that holding does not now bar relief under section 1170.91, which was not in effect when the prior opinion became final and applies retroactively.

Additionally, in contrast to the traditional sentencing factors which the court may consider under California Rules of Court, rules 4.421 and 4.423,

---

[3] Defendant filed the petition in pro. per., and it simply states he was convicted of "USE OF FIREARM pursuant to California Penal Code[s] PC 12022.5." We liberally construe the petition's allegations to also include the two assault with deadly weapon convictions and the great bodily injury enhancement.

5

section 1170.91 creates a mandatory duty to consider mental health issues relating to military service. (*People v. Panozo* (2021) 59 Cal.App.5th 825, 836.) Because the sentencing court failed to consider defendant's mental health issues relating to his military service when imposing his sentence, such error was not harmless under section 1170.91.

We therefore agree with the parties that the court's summary denial of defendant's petition for recall of sentence was improper. We reverse and remand for the trial court to hold a hearing.

## III.

## DISPOSITION

The postjudgment order denying the petition for recall of sentence is reversed. The case is remanded to the superior court with directions to conduct further proceedings in accordance with Penal Code section 1170.91, subdivision (b).

MARGULIES, ACTING P. J.

WE CONCUR:


BANKE, J.


EAST, J.*


A162316
*People v. Piola*

---

* Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.